UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DEWEY A. BARNETT,                          )
                                           )
            Petitioner,                    )
                                           )
v.                                         )          Case No. 1:25-cv-00189-SNLJ
                                           )
GREGORY HANCOCK,                           )
                                           )
            Respondent.                    )

## MEMORANDUM AND ORDER

This matter is before the Court to address Barnett's continued filing of documents in this closed case. [Docs. 26, 27]. This case was dismissed on March 27, 2026. [Doc. 18]. Despite the dismissal, Barnett continues to file documents that serve no purpose. *See* [Docs. 19-22, 26, 27]. All of the documents Barnett has filed since the dismissal purport to be "verified" affidavits offered as evidence. The Federal Rules of Civil Procedure and this Court's local rules do not authorize the filing of an affidavit or other evidence that is not attached to a complaint, an amended complaint, a motion, a memorandum in support or in opposition to a motion, or a response to a Court order.

Because this case is closed and the time to file an appeal has expired, all further filings submitted by Barnett in this case will be summarily rejected and returned to him by the Clerk of Court. **Further, Barnett is warned that continued submission of documents for filing in this closed case without legal authority may result in**

**sanctions, including a filing restriction**.  Federal courts have the inherent authority to impose filing restrictions on litigants who abuse the judicial process and waste the Court's resources with frivolous filings.  *See, In re Tyler*, 839 F.2d 1290, 1292-1295 (8th Cir. 1988) (upholding imposition of a filing restriction based on frivolous filings).  "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Day v. Day*, 510 U.S. 1, 2 (1993) (entering a filing restriction to prevent a *pro se* petitioner from filing repetitious and frivolous requests).

Accordingly,

**IT IS HEREBY ORDERED** that documents 26 and 27 are **STRICKEN**.

**IT IS FURTHER ORDERED** that Barnett **SHALL NOT** submit any documents for filing in this closed case.

**IT IS FURTHER ORDERED** that further filings submitted by Barnett in this case will be summarily rejected and returned to him by the Clerk of Court.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

SO ORDERED this 22 day of May, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2